IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02138-BNB

RAYMOND ELLIOTT BECKER,

    Plaintiff,

v.

DAVE THOMAS, O'Brien & Thomas LLC,
ERIC JOHNSON, 1st Judicial District,
DETECTIVE JASON AMMON, Arvada Police Department,
GREGG KILDOW, ICCS,
JOHN DOE/UNKNOWN, Colorado Board of Parole,
JOHN DOE/UNKNOWN, et al.,

    Defendants.

## ORDER DENYING MOTION FOR INJUNCTIVE RELIEF

This matter is before the Court on the document titled "Declaration" (ECF No. 5) that Plaintiff, Raymond Elliott Becker, filed *pro se* with the Court on August 16, 2011.

In the declaration, Mr. Becker complains that the Colorado Board of Parole has not granted him parole because of his conviction for a sex offense. He contends he will be subjected to immediate and irreparable injury, loss, and damage if he is not granted a preliminary injunction to suspend temporarily his required participation in intensive supervision parole and offense-specific treatment pending the outcome of this action. He contends it is unlawful for him to be forced to make statements about things he did not do and to be prevented from speaking freely about his case by threats of noncompliance with the treatment program and of incarceration.

The Court must construe the declaration liberally because Mr. Becker is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the declaration will be construed liberally as a motion for injunctive relief, and will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Becker is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Becker does not demonstrate a substantial likelihood of prevailing on the

merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest.  Therefore, the motion for injunctive relief will be denied.

Accordingly, it is

ORDERED that the document titled "Declaration" (ECF No. 5) that Plaintiff, Raymond Elliott Becker, filed *pro se* with the Court on August 16, 2011, and which the Court has treated as a motion for injunctive relief, is denied.

DATED at Denver, Colorado, this   20th   day of    December   , 2011.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK
Senior Judge, United States District Court